## MARLBOROUGH'S PETITION.

In petitions for discontinuance of new highways not constructed, the commissioners should not discontinue, unless they find that the change of circumstances which has taken place since the highway was laid out has been such as to render the same no longer necessary and to require its discontinuance.

And, in their report discontinuing any such highway, the commissioners should state not only the changes that have occurred since the highway was laid out, but should also state explicitly that the highway is discontinued by reason of such changes, and they should also set forth, not only the changes generally, but the particular circumstances and how they affect the case.

The indebtedness of a town, incurred after a highway was laid out and before it was constructed, may be a proper cause for discontinuance of such highway, but though such indebtedness may be large, it is not necessarily such a cause; that must depend upon all the circumstances of the case.

PETITION of the town of Marlborough for discontinuance of a highway laid out in 1861. The petition was referred to the county commissioners; upon their report questions were reserved; their report was recommitted, and at this term the commissioners report that they "are of the opinion that the prayer of the petitioners ought to be granted for the following reasons, viz:

1. Since the said highway was established the town of Marlborough has become deeply involved in consequence of raising money to defray her share of the expense of prosecuting the late war.

2. The very great increase of town, county, and State taxes which in all probability will continue to be burdensome for some time.

3. The great increase of the prices of labor since said highway was established being nearly or quite one hundred per cent. more at the present time than when said highway was established.

For the above reasons and justice to the town of Marlborough, we therefore report in favor of the discontinuance of said highway."

Milan Harris, one of the original petitioners for said highway, objects to the acceptance of this report, and moves that it be recommitted for the following reasons:

1. Because it does not appear from said report, that the public good does not require the building of the same; or that the same is no longer necessary.

2. Because it does not appear that the change of circumstances reported by said commissioners is of such a character as to affect the expediency of laying out said highway.

3. Because the reasons reported by the commissioners for their report are insufficient to authorize the discontinuance of the highway. No facts are reported to exist in the case of Marlborough, which do not exist in every town in the State; and it cannot be consistent with sound public policy, to discourage at the present time, improvements in travel tending to facilitate and increase the transaction of business between the several towns in this State.

Ordered that the questions arising in this case be reserved.

*Lane*, for Marlborough.

*Wheeler & Faulkner*, for Harris.

SARGENT, J.   This subject was considered in one aspect, in *Petition of Goffstown*, 43 N. H. 199.   That was a case where the commissioners found that no changes had occurred since the highway was laid out.

But where the commissioners find that certain changes have occurred since the highway was laid out, affecting the expediency of laying the same, they are to weigh such changes and find whether the highway is now no longer necessary, and should be discontinued by reason of such change of circumstances, and if so, they are to report the nature of the change, with the particular circumstances, and how they affect the case. 69th Rule of Court.

. This is to be done in order that the court can see whether the changes stated and considered by the commissioners are proper matters of evidence to be considered and weighed by them.   If it appears that the commissioners have considered matters incompetent, which could not properly affect the question to be settled, the report should be recommitted or set aside.   But if the court can see that the changes as stated in the report are proper matters to be considered and weighed by the commissioners on the question of discontinuance, if they tend to show that the highway has become unnecessary and should be discontinued in consequence of such changes, the court will not revise their doings ; that is, the court will not undertake to settle the fact differently, upon the same evidence, from what the commissioners have done, if they can see that the commissioners have acted upon competent evidence, and that all their acts and proceedings have been regular.

The question then arises whether the changes assigned in this case, are competent to be considered by the commissioners as bearing upon the expediency of laying out the highway in question.   It has been held that the indebtedness of the town incurred after a highway was laid out, *might* be a sufficient cause for the discontinuance of a highway in such town.   See former opinion in this case, 45 N. H. 556, and cases cited. But it does not follow that every indebtedness voluntarily contracted by a town subsequent to the laying out of a road would operate as a cause for discontinuance.   That must depend upon the degree of necessity that existed for contracting the debt, the absolute amount of the debt, the relative amount thereof as compared with the means and resources of the town, and also as compared with the amount of debt existing at the time the highway was laid out.

Because a town might be willing to contract a debt as a mere matter of convenience sometimes, and without any urgent necessity, if that would afford them an excuse for not building a highway ; and so a debt which would be really burdensome to some town of small means, would not be felt by some other town or city of large resources.   Also if the cause or exigency requiring the debt was not great, if the public duty to be performed was not of paramount importance, it should not be allowed to take precedence of the prior public duty of making the highway in question.   But in this case the cause of indebtedness is stated, and, for aught we can see, the cause may have been sufficient and the

necessity so great as to warrant the contracting of the debt, even to the neglect or postponement of other public duties.

Although, from the facts stated by the commissioners, we cannot say that their conclusions are not right, and that the highway should not be discontinued, yet there is not enough in their report to show that their conclusions are legitimate, or that the road ought to be discontinued. They have reported some changes, but have failed to state the particular circumstances, or how they affect the case.

The second cause assigned, that taxes must be burdensome for years to come, seems to be the necessary result of the indebtedness of the town, as stated in the first cause.   But if it is relied on as a separate reason for discontinuance, then the particular circumstances are to be stated.

The third reason stated for the discontinuance, the rise in the price of labor, may be a circumstance to be weighed in connection with the others, but not, probably, of very controlling weight in any event, and should not be considered at all, provided the town has been in fault in not building the road seasonably.   If the town has improperly neglected to build this highway when it could have been built at a moderate price, and, in consequence of such improper neglect on their part, the road remains unconstructed, and the price of labor has risen, the town should not be heard to plead its own past wrong as an excuse for the non-performance of a present duty.

The commissioners have not found in direct terms, as they should have done, in their report, that said highway has become no longer necessary and should be discontinued in consequence of the changes that have occurred since the same was laid out.

Whatever the opinion of this board of commissioners may be as to whether this road should have been laid out originally or not, is no sort of consequence.   The question for them is, Has the highway been rendered unnecessary, and should it now be discontinued in consequence of the changes that have occurred since the same was laid out?   Assuming that the road was necessary when laid out, which is *res judicata*, and not to be again inquired into, have the changes that have occurred since rendered the road unnecessary now, and do those changes require its discontinuance?   These facts should be found and definitely stated in the report; and if the commissioners find that such changes have occurred, they should not only state the changes generally, but all the particular circumstances and how they affect the case.

Courts find it necessary to be particular in enforcing this rule, in order that they may be able to see clearly, when a highway is discontinued, that it was done for good and sufficient reason, and not because one board of commissioners have come to a different conclusion from that of a former board upon the original merits of laying out the highway.

*Report recommitted.*